1  LISA KOBIALKA, Bar No. 191404
   SHREYA RAMCHANDANI, Bar No. 232041
2  PERKINS COIE LLP
   101 Jefferson Drive
3  Room #M100
   Menlo Park, CA  94025-1114
4  Telephone:  (650) 838-4300
   Facsimile:  (650) 838-4350
5  Email:  LKobialka@perkinscoie.com
6  Email:  SRamchandani@perkinscoie.com

7  Ramsey M. Al-Salam (*To be admitted*)
   PERKINS COIE LLP
8  1201 Third Ave., Suite 4800
   Seattle, WA  98101-3099
9  Telephone:  (206) 359-8000
10 Fax: (206) 359-9000
   Email: RAlsalam@perkinscoie.com
11
   Attorneys for ProTrade Sports, Inc.
12

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROTRADE SPORTS, INC., a Delaware corporation, | CASE NO. C 05 4039 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| v. | |
| NEXTRADE HOLDINGS, INC., a Florida corporation, | |
| Defendant. | |

### I.  NATURE OF THE CASE

1. This is an action for a declaratory judgment that plaintiff, which operates a website at protrade.com related to fantasy sports games, is not infringing any trademark, or other rights purportedly owned by defendant, a seller of "Pro-Trade" software for the trading of financial

1  securities. There is a need for such relief because defendant has asserted that plaintiff is infringing its rights in the "Pro-Trade" trademark.

## II.  PARTIES

2. Plaintiff ProTrade Sports, Inc., ("ProTrade Sports") is a Delaware corporation with its principal place of business at 155 Bovet Road, Suite 500, San Mateo, California.

3. Defendant NexTrade Holdings, Inc. ("NexTrade") is, on information and belief, a Florida corporation with its principal place of business at 301 South Missouri Avenue, Second Floor, Clearwater, Florida.

## III.  JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331 (federal question), 1338(a) (trademark action), and 28 U.S.C. § 1332, because there is diversity of citizenship between plaintiff and defendant, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper under 28 U.S.C. § 1391(b) and (d) because defendant is subject to personal jurisdiction in this district, and a substantial part of the events giving rise to the claim occurred here.

## IV.  INTRADISTRICT ASSIGNMENT

6. This action is properly filed in the San Francisco Division of the U.S. District Court for the Northern District of California pursuant to Civil L.R. 3-2(c) and (d) because a substantial part of the events giving rise to the claims set forth in this Complaint occurred in San Mateo County

## V.  PERTINENT FACTS

7. Plaintiff ProTrade Sports operates a fantasy sports-related website at protrade.com. The website is visited by sports fans that enjoy fantasy sports games where players "trade" professional athletes and compete based on the performances of such athletes in real games.

8. ProTrade Sports associates values with athletes based upon their contribution to their teams' opportunity to win. This initial value is similar to the value of a financial stock, just as the athlete's ongoing contributions can be considered similar to dividends.

9. ProTrade Sports allows fantasy sport players to compete with each other, by buying and selling athletes at a market price created by the buying and selling of each athlete by fantasy sports players. ProTrade's website is popular with sports enthusiasts, particularly persons who have traditionally enjoyed playing in fantasy sports leagues.

10. ProTrade Sports filed two applications on June 3, 2004 to register its "PROTRADE" trademark on the principal register at the U.S. Patent and Trademark Office. One of the trademark applications has been designated as Serial No. 78/429,562 ("the '562 application"), and the second as Serial No. 78/429,567 ("the '567 application").

11. The '562 application seeks registration of the trademark in Class 38 for "Creating and hosting an on-line sports fan community, namely providing on-line chat rooms . . . among computer users concerning fantasy sports games, fantasy sport stock trading, statistical analysis on sports, sports teams and sports players and athletes."

12. The '562 application also seeks registration of the trademark in Class 41 for "Providing an on-line, interactive website featuring sports and entertainment services, namely organizing and conducting fantasy sports games, fantasy sports stock trading, and related contests and sweepstakes; entertainment services, namely, providing a website featuring information and statistical analysis on sports, sports teams and players."

13. The '567 application seeks registration of the trademark in Class 35 for "providing and maintaining reports and statistical information about sports teams and athletes based on a valuation methodology on athletes using proprietary statistical algorithms and the market pressures of the users in the nature of consumer and on-line user information. . . ."

14. The United States Patent and Trademark Office has examined the '562 application and approved it for publication, finding that it did not conflict with any other trademark registrations.

- 3 -

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.

[00000-0000/SL052780.090.DOC]

15. The United States Patent and Trademark Office has examined the '567 application and although it has raised some issues concerning the specific recitation of services, it has found it does not conflict with any other existing trademark registrations.

16. Defendant NexTrade, on information and belief, sells software products to companies and firms that trade in financial securities. In particular, NexTrade sells a software product under the name "Pro-Trade" for software that enables its customers to comply with ECNs (Electronic Communications Network) to allow for direct interaction with national financial markets.

17. NexTrade operates a website at www.Nextrade.com. NexTrade's website states that its software is "exclusively for market making firms, traditional brokers/dealers, professional trading firms and the money management community."

18. NexTrade is, on information and belief, the owner of U.S. Trademark Registration No. 2,317,995, issued on February 15, 2000 for "Pro-Trade." The registration indicates that it is for "computer software and systems . . . for securities trading, matching, crossing, exchange services and information included, but not limited to, the best bid and offer for specific issues, order positioning, real time activity information, information regarding the securities industry, information regarding advancing and declining issues, information regarding the most active issues, a stock monitor, and a quote window."

19. The United States Patent and Trademark Office has not found that the NexTrade trademark registration for "Pro-Trade" conflicts in any manner with ProTrade Sports' trademark applications.

20. The term "ProTrade" is used by various companies, some of which are in the financial securities business. There is a business in Los Angeles, for example, named "ProTrade Capital Group," which is in the business of advising investors on foreign exchange markets. ProTrade Capital Group's website is at www.protradefx.com.

21. ProTrade, Inc., the owner of the website at protradeinc.com, is a registered broker involved in trading of agricultural futures and related securities.

- 4 -

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.

[00000-0000/SL052780.090.DOC]

22. Forex ProTrade appears to be a Canadian company doing business in the United States at the website forexprotrade.com, advising clients on trading in gold, indices and stocks, .

23. NexTrade thus is not the only entity using the term "ProTrade," and not even the only entity in the financial securities business.

24. NexTrade has asserted that ProTrade Sports' use of its name "PROTRADE" infringes rights owned by it. Attached hereto as Exhibit A is a September 30, 2005 letter from NexTrade Holdings asserting infringement by ProTrade Sports.

## VI. REQUEST FOR DECLARATORY RELIEF

25. There is a justiciable dispute between the parties as to whether ProTrade Sports is infringing any trademark rights owned by NexTrade.

26. ProTrade Sports is in the business of providing services to persons interested in fantasy sports.

27. The visitors to ProTrade Sports' website are primarily those interested in fantasy sports games.

28. NexTrade is in the business of selling sophisticated software to financial securities firms.

29. There is no likelihood that ProTrade Sports' customers or prospective customers will believe that it is affiliated with NexTrade (to the extent they have heard of NexTrade).

30. NexTrade is unaware of any evidence of actual confusion as a result of ProTrade Sports' activities.

31. ProTrade Sports has not violated NexTrade's rights, including any trademark rights, or committed unfair competition, by its use of its "PROTRADE" name.

32. ProTrade Sports is entitled to a declaratory judgment that it has not infringed any of NexTrade's trademark rights, or committed unfair competition, by reason of its use of "PROTRADE" in connection with its protrade.com website.

## VII. PRAYER FOR RELIEF

WHEREFORE, ProTrade Sports prays for the following relief:

A. A declaratory judgment that:

    1. ProTrade Sports' use of "PROTRADE" for services related to fantasy sports, including its use of "PROTRADE" on its website, has not created any likelihood of confusion and has not otherwise infringed any trademark rights owned by NexTrade;

    2 ProTrade Sports has not committed unfair competition as a result of its use of "PROTRADE" for services related to fantasy sports, including its use of "PROTRADE" on its website.

B. A preliminary and permanent injunction prohibiting defendant, its affiliates, agents, servants, employees and attorneys, and any and all other persons in active concert or participation with them, from improperly interfering with ProTrade Sports' business, including from asserting in the United State Patent and Trademark Office or otherwise that ProTrade Sports' use of "PROTRADE" violates any rights owned by NexTrade;

C. For an award of attorneys' fees and costs to ProTrade Sports to the extent permitted by law; and

D. For such further and other relief as the Court deems just and proper.

1  DATED: October 6, 2005.

*signature*

Lisa Kobialka, Bar No. 191404
Shreya Ramchandani, Bar No. 232041
**Perkins Coie LLP**
101 Jefferson Drive
Room #M100
Menlo Park, CA 94025-1114
Telephone: (650) 838-4300
Facsimile: (650) 838-4350
Email: LKobialka@perkinscoie.com
Email: SRamchandani@perkinscoie.com

Ramsey M. Al-Salam (*To be admitted*)
PERKINS COIE LLP
1201 Third Ave., Suite 4800
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Fax: (206) 359-9000
Email: RAlsalam@perkinscoie.com


Attorneys for Plaintiff ProTrade Sports, Inc.

# Exhibit A

[

# FEE & JEFFRIES, P.A.
ATTORNEYS AND COUNSELORS AT LAW
BANK OF AMERICA PLAZA, SUITE 3000
101 EAST KENNEDY BOULEVARD
TAMPA, FLORIDA 33602

813.229.8008
813.229.0046 (FAX)

WWW.FEEJEFFRIES.COM

September 30, 2005

Via FedEx

Mary Ann Barnes, CEO
ProTrade Sports, Inc.
155 Bovet Road, Suite 500
San Mateo, CA 94402

Re:   NexTrade Holdings, Inc.

Dear Ms. Barnes:

The law firm of Fee & Jeffries, P.A., serves as intellectual property litigation counsel to NexTrade Holdings, Inc. ("NexTrade"), the owner of the federally registered Pro-Trade® trademark, U.S. Registration No. 2317995, issued on February 15, 2000. NexTrade uses its federally registered Pro-Trade® mark in connection with Internet-based securities trading. Specifically, NexTrade's Pro-Trade® computer interface screen includes a real-time scrolling stock ticker and facilitates the on-line trading of stocks and derivatives, including commodities.

NexTrade has become aware that ProTrade Sports, Inc. ("PSI") applied for federal registration of its use of the "ProTrade" mark, which mark is identical to NexTrade's federally registered Pro-Trade® mark, with the sole exception of a missing hyphen. Please be advised that NexTrade opposes the issuance of such a registration and is filing its Notice of Opposition with the United States Patent and Trademark Office.

NexTrade has also learned that PSI is using the trademark "ProTrade" in commerce in connection with Internet-based services focused on the trading of "stock" in professional athletes. PSI's website, like NexTrade's Pro-Trade® computer interface screen, facilitates on-line trading activities and features a scrolling real-time stock ticker. As a result of these features, PSI's website mimics on-line securities trading. Moreover, PSI's website contains customer testimonials explaining how securities trading concepts govern the use of PSI's services offered under the ProTrade mark.

Please be advised that PSI's use of the "ProTrade" mark is not authorized or licensed by NexTrade and that NexTrade strenuously objects to PSI's use of the "ProTrade" mark.

Mary Ann Barnes, CEO
September 29, 2005
Page 2

Moreover, NexTrade hereby demands that PSI immediately and permanently cease and desist from its use of the "ProTrade" mark.

NexTrade reasonably believes PSI's use of the "ProTrade" mark violates NexTrade's federally protected trademark rights and 15 U.S.C. §1114. Specifically, PSI's use of the "ProTrade" mark creates a likelihood of confusion, mistake or deception in light of NexTrade's federally registered Pro-Trade® mark. Due to NexTrade's longstanding federal registration, PSI will be deemed to have knowingly and intentionally infringed upon NexTrade's trademark rights since the inception of PSI's infringing activities. Moreover, upon your receipt of this letter, you and PSI are on actual notice of both NexTrade's federally protected trademark rights and NexTrade's demand that PSI immediately cease such use.

As a consequence of PSI's infringement of NexTrade's federally registered Pro-Trade® mark, NexTrade is entitled to remedies including, but not limited to an award of the greater of NexTrade's damages or PSI's profits resulting from the infringing activity, and NexTrade's attorneys' fees and costs. Under federal law, you, and any other person who controls and directs PSI's infringing use of "ProTrade," will bear joint and several liability to NexTrade for PSI's infringement.

Please confirm in writing, to be received by this office no later than October 5, 2005, that PSI will promptly, completely, and voluntarily withdraw its application for registration of the "ProTrade" mark, and immediately and permanently cease and desist from PSI's use of the "ProTrade" mark. The lack of such a timely and unequivocal response will be interpreted as a refusal to comply. To the extent that PSI desires to resolve issues regarding its financial liability to NexTrade after complying with the demands in this letter, NexTrade would welcome such discussion.

I trust that you understand the seriousness of this matter and that NexTrade's position has been made clear. Please govern yourself accordingly.

Sincerely,

Richard E. Fee

REF:eff

cc:   NexTrade Holdings, Inc.