IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROTRADE SPORTS, INC., | No. C05-4039 MJJ |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO SEEK RECONSIDERATION AND/OR MOTION FOR RELIEF UNDER FED. R. CIV. P. 60** |
| v. | |
| NEXTRADE HOLDINGS, INC., | |
| Defendant. | |

**INTRODUCTION**

Before the Court is Plaintiff Protrade Sports, Inc.'s ("Plaintiff") Motion to Seek Reconsideration and/or Motion for Relief under Fed. R. Civ. P.60.[1] The motion is opposed by Defendant Nextrade Sports, Inc. ("Defendant"). For the following reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration.

**FACTUAL BACKGROUND**

Defendant Nextrade is a Florida corporation with its principal place of business in Clearwater Florida. Nextrade develops technology for electronic securities markets. Nextrade owns the federally registered trademark "Pro-Trade"(the "Pro-trade Mark"). Plaintiff Protrade is a Delaware corporation which operates an online stock market dealing in virtual shares of professional athletes in the fantasy-sports industry.

---

[1] Docket No. 41, Filed February 9, 2006

1  On October 6, 2005, Plaintiff filed the instant action seeking a declaratory judgment of non-
2  infringement of the Pro-Trade mark.

3  A week after the instant action was filed, Nextrade filed a similar action in the United States
4  District Court for the Middle District of Florida (the "Florida Action"). Like this case, the primary
5  issue in the Florida action is Protrade's alleged infringement of Nextrade's Pro-trade Mark. The
6  Florida court recently stayed the Florida Action pending the outcome of the instant action.

7  On November 28, 2005, Defendant filed a motion to dismiss for lack of personal jurisdiction,
8  pursuant to Fed. R. Civ. P. 12(b)(2). On February 2, 2006, the Court granted Defendant's Motion to
9  Dismiss. Now, Plaintiff seeks reconsideration of the order based upon new facts, not presented in
10 Plaintiff's Opposition to Defendant's motion to dismiss, pertaining to Defendant's contacts with
11 California.

12 Plaintiff acquired some of these additional facts from the deposition testimony of Mr.
13 Schaible and Mark Yegge in another action. Both of these depositions were conducted in January of
14 2004 as a result of prior litigation involving the "Protrade" trademark. This prior lawsuit that
15 produced the Schaible and Yegge depositions involved Nextrade and other parties; Plaintiff was not
16 a litigant.

17 The deposition testimony establishes that in 2004 NexTrade Holdings had wholly owned
18 subsidiaries, such as "NexTrade, Inc." Nextrade, Inc. also promoted, licensed, and sold defendant's
19 Pro-Trade software, and Nextrade, Inc. entered into business with Dreyfus Brokerage Services, Inc.,
20 a California Corporation at the time of the transactions.

21 Additionally, Plaintiff contends that the two depositions and several press releases
22 demonstrate that Defendant directly conducted business within California through interactions with
23 Dreyfus Brokerage Services, Inc., and Global Net Financial. Mr. Schaible's deposition also reveals
24 that Defendant promoted its Pro-Trade software in a California trade show.

**LEGAL STANDARD**

27 In order to establish leave to file a motion for reconsideration, the moving party must
28 specifically show that "at the time of the motion for leave, a material difference in fact or law exists

2

1  from that which was presented to the Court before entry of the interlocutory order for which
2  reconsideration is sought." Civ. L.R. 7-9(b)(1).  "The party also must show that in the exercise of
3  reasonable diligence the party applying for reconsideration did not know such fact or law at the time
4  of the interlocutory order." *Id.*  Alternatively, a moving party could also show "a manifest failure by
5  the Court to consider material facts or dispositive legal arguments which were presented to the Court
6  before such interlocutory order." Civ. L.R. 7-9(b)(3).

## ANALYSIS

Plaintiff contends that former depositions and press releases, not available to Plaintiff at the time of Plaintiff's Opposition to Defendant's Motion to Dismiss, establish additional facts material to the resolution of Defendant's connection to the forum.  Defendant maintains that even with Plaintiff's additional facts, Plaintiff still fails to establish Defendant's personal jurisdiction**.**  Furthermore, Defendant contends that the Court should not consider these additional facts under Civ. L.R. 7-9(b)(1) because they were discoverable prior to January 11, 2006, the filing date of Plaintiff's Opposition to Defendant's Motion to Dismiss.

Plaintiff must establish that the new facts were unknown to the Plaintiff despite the exercise of reasonable diligence to procure the information.  *See* Civ. L.R. 7-9(b)(1).  Here, Plaintiff asserts that the "deposition testimony was unavailable at the time Pro Trade filed its opposition papers." (Plaintiff's Mot. for Reconsideration.) However, Plaintiff does not show how through reasonable diligence these depositions were unavailable.  The depositions of Mr. Schaible and Mark Yegge took place over two years ago.  The burden is on Plaintiff to establish how these depositions could not have been procured through reasonable diligence before January 11, 2006. *Id.*  The Court sees no reason why Plaintiff could not have discovered this testimony three weeks earlier when the Court made its ruling, especially given that the depositions occurred two years ago; Plaintiff has presented nothing outside of conclusory allegations upon which the Court could conclude otherwise.[2]

---

[2] Plaintiff also presents new facts that Plaintiff acquired from former press releases located by using internet searches. Again, these press releases were available prior to January 11, 2006, and Plaintiff fails to establish that through the exercise of reasonable diligence these press releases could not have been located.  Accordingly, the Court finds that Plaintiff again has failed to meet its burden.

3

1	Even assuming Plaintiff's new facts were previously undiscoverable through reasonable
2	diligence, Plaintiff's additional facts fall significantly short of demonstrating that Defendant had
3	general or specific contacts with California sufficient to warrant personal jurisdiction.  The
4	additional information is not enough to establish that defendant had continuous and systematic
5	contacts with the forum state to justify general jurisdiction, nor do these facts, many more than two
6	years old, demonstrate enough of a link with Plaintiff's claim in the instant action to warrant specific
7	jurisdiction.  Therefore, the addition of these new facts would not change the Court's previous
8	finding.

9	Plaintiff also seeks leave to file a motion for reconsideration under Local Rule 7-9(b)(3),
10	which requires the moving party to specifically show "[a] manifest failure by the court to consider
11	material facts which were presented to the court before such interlocutory appeal."  However,
12	Plaintiff's argument relies on new facts presented to the Court and not the Court's failure to consider
13	facts presented to the Court when it decided its Order on February 2, 2006.

14	Lastly, Plaintiff contends that the Court should grant relief from its February 2, 2006 Order
15	under Fed. R. Civ. P. 60.  Federal Rule of Civil Procedure 60(b) permits the court to relieve a party
16	from a final order of judgement on grounds of (1) mistake...or excusable neglect;...or (6) any other
17	reason justifying relief from the operation of the judgment."  Such motions are committed to the
18	discretion of the trial court.  *Combs v. Nick Garin Trucking Co.*, 825 F.2d 437, 441 (D.C. Cir.
19	1987)(citing cases).  To succeed on a motion to reconsider, a party "must set forth facts or law of a
20	strongly convincing nature to induce the court to reverse its prior decision."  *Great Hawaiian Fin.*
21	*Corp. v. Aiu*, 116 F.R.D. 612, 616 (D. Hawaii 1987)(citations omitted), rev'd on other grounds, 863
22	F.2d 617 (9th Cir. 1988)(per curiam).  A court may grant reconsideration of an order based on new
23	evidence.  However, in order for evidence to be considered "new" for the purposes of Rule 60(b), it
24	must be such that it could not have been discovered through the exercise of reasonable diligence by
25	the moving party.  *Id.*

26	As discussed above, Plaintiff has failed to show that the new facts presented could not have
27	been discovered through the exercise of reasonable diligence, or that the new facts are sufficient to
28	induce the Court to reverse its prior decision.  Therefore, the Court rejects Plaintiff's request for

4

1  reconsideration under Fed. R. Civ. P. 60.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Leave to Seek Reconsideration.

**IT IS SO ORDERED.**

Dated: March 16, 2006

_____
MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE